S. FRANK CHACE *vs.* SAMUEL S. PIDGE *et al.*

PROVIDENCE—NOVEMBER 18, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Mechanic's Lien. Requisites of Notice. Estate Affected.*

In proceedings to enforce a mechanic's lien, the account and notice of lien

filed under Gen. Laws R. I. cap. 206, § 7, should be against the estate of the owner of the land at the time of the beginning of the construction, when the lien attaches.

PETITION to enforce a mechanic's lien. Heard on question of the sufficiency of the notice of lien filed as the commence-ment of process.

MATTESON, C. J. This is a petition for a mechanic's lien under Gen. Laws R. I. cap. 206, § 1. The work done and the materials furnished were so done and furnished at the request of the respondent Pidge, who was the owner of the land on which the house was constructed, without written contract; and therefore the petitioner, under the provisions of § 5 of cap. 206, had six months within which to commence legal process to enforce the lien. The materials, which con-sisted of two furnaces and pipes, were furnished, as appears by the account lodged with the notice of lien, on August 27, 1897, and the account and notice of lien were lodged on Feb-ruary 19, 1898. In the interval between these dates Pidge conveyed the house and land to the respondent Augustus C. Purdy. In the notice of lien the respondent Pidge is named as the owner of the land, and the question is made whether the notice of lien should not have named the respondent Purdy, who then owned the land, as the owner, and claimed the lien against his estate therein.

(1) Section 7 of the chapter provides "that the commencement of legal process to enforce the liens hereby created shall be the lodging the account and demand, for which the lien is claimed, in the office of the town clerk of the town or towns in which the building . . . . . is situated, with notice to what building . . . . . and to what or whose estate in the same the said account or demand refers, except in the city of Providence, where the same shall be lodged in the office of the recorder of deeds of said city." The question involves the construction of the words of the statute "to . . . . whose estate in the same the said account or demand refers." Do these words mean the estate of the owner at the time the notice is filed, or at the time the lien attaches? We think

they mean the estate of the owner at the time of the commencement of the construction, when the lien attaches. *Harrison* v. *Philippi*, 35 Minn. 192 ; Jones on Liens, § 1398. This view is confirmed by reference to § 10, cap. 206, which provides that on the filing of the petition for lien the clerk shall issue a citation to the owner of the property, and to each and every person having a conveyance thereof or of any part thereof on record, to appear and show cause, &c.